■ In the Matter of FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of VANESSA MM., Respondent, v LEON MM., Appellant. [615 NYS2d 492] —Mikoll, J. P. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered October 21, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to, inter alia, find respondent in violation of an order of protection.

By order dated October 29, 1992, Family Court found respondent to have abused and neglected his daughter and neglected his son. Orders of supervision and protection were issued directing, inter alia, that respondent stay away from his daughter and his daughter's residence. A petition was filed on February 17, 1993 alleging that respondent violated the order of protection by being in the presence of his daughter at the family residence on several occasions. A trial ensued and Family Court found that respondent willfully and without just cause violated the order of protection on six separate occasions, and sentenced him to consecutive jail terms totaling 630 days.

Respondent challenges both the sufficiency of the proof that

he violated the order of protection and the sentence imposed as unauthorized pursuant to Family Court Act § 1072. Based on the testimony of the noninterested witnesses, the record amply supports Family Court's finding that respondent violated the order of protection. We support Family Court's resolution of the issues of credibility and its finding of guilt.

Respondent's contention that Family Court's order imposing sentence was improper is well taken. Family Court Act § 1072 (b) states, in pertinent part, that:

"If a parent * * * is brought before the court for failing to comply with the terms and conditions of an order of supervision * * * or of an order of protection * * * the court may * * *

"commit the parent * * * to jail for a term not to exceed six months."

The use of "terms" and "conditions" in Family Court Act § 1072 indicates that more than one violation is at least contemplated under the statute and, notwithstanding, the maximum jail sentence cannot exceed six months. We conclude that consecutive sentences are not warranted by a reading of this provision.

It is noted that respondent was committed to County Jail on October 19, 1993 and was released on or about April 18, 1994 by order of this Court. He has thus served a six-month sentence, the maximum permitted under Family Court Act § 1072.

Crew III, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as committed respondent to jail for a term in excess of six months, and, as so modified, affirmed.